IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ALBERT PINA-SUAREZ, | ) | |
| Institutional ID No. 39213-004, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:11-CV-109-C |
| OFFICER R. RIOS, | ) | |
| In his Personal and Official Capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | ECF |

## ORDER

Came to be considered on this day, Plaintiff's Amended Complaint[1] filed on November 8, 2011; the Report and Recommendation of the United States Magistrate Judge entered on April 5, 2012; and Plaintiff's Traverse Brief Setting Forth Specific Objections to the Findings and Recommendation of United States Magistrate Judge E. Scott Frost, filed on May 11, 2012.

Plaintiff Albert Pina-Suarez, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983[2] against the following Defendants, all of whom are officials at the Federal Correctional Institution in Big Spring, Texas (FCI Big Spring): K. Edenfield, Warden; R. Rios, Correctional Officer; Doctor Partiada; FNU Vialponda, Unit Manager; FNU Roman, Case Manager; and FNU Moore, Correctional Counselor, in both their individual and official capacities, for alleged violations of his constitutional rights when he was incarcerated at FCI Big Spring. He seeks monetary damages. Plaintiff has been granted permission to proceed *in forma pauperis*.

---

[1] Plaintiff filed his original complaint on June 6, 2011.

[2] This Court treats the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n. 1 (5th Cir. 1994).

After an initial review of his complaint, the complaint was transferred to the docket of the United States Magistrate Judge for further proceedings by Order entered June 24, 2011. The Magistrate Judge was directed to "conduct a hearing under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir.)," and "[i]f the Magistrate Judge determines that it would not be feasible to conduct a *Spears* hearing, the Magistrate Judge shall utilize a questionnaire to develop the facutual basis of Plaintiff's complaint pursuant to the authority of *Watson v. Ault*, 525 F.2d 886 (1971)." The Magistrate Judge did not schedule a *Spears* hearing but instead entered an Order to Complete Questionnaire on October 7, 2011, requiring Plaintiff to file a response to the questionnaire within 15 days. The Order to Complete Questionnaire was mailed to Plaintiff at his last known address at the Federal Prison Camp in Edgefield, South Carolina; and on October 17, 2011, it was returned as undeliverable. On October 18, 2011, the Magistrate Judge issued a Show Cause Order, giving Plaintiff 14 days to file a response showing cause why his complaint should not be dismissed without prejudice for failure to prosecute. Plaintiff failed to file a response to the Questionnaire and did not specifically acknowledge the Show Cause Order, but on November 8, 2011, Plaintiff filed an Amended Complaint. Plaintiff did not consent to proceed before the United States Magistrate Judge. Pursuant to this Court's Order entered on June 24, 2011, the Magistrate Judge entered a Report and Recommendation containing findings of fact, conclusions of law, and recommendations for disposition on April 5, 2012. The Magistrate Judge did not order authenticated copies of Plaintiff's prison records that were relevant to his complaint and based said Report and Recommendation on the facts submitted by the Plaintiff in his pleadings.[3] Plaintiff filed his objections on May 11, 2012.

---

[3] A party may amend a complaint once as a matter of course prior to service of a responsive pleading. *See* Fed.R.Civ.P. 15(a). An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to

The United States Magistrate Judge made the following recommendations:

1. Defendant Rios should be ordered to answer or otherwise plead on Plaintiff's claim that Rios was deliberately indifferent to Plaintiff's health and safety/failed to protect Plaintiff when he called plaintiff a "snitch" and "informant" in the presence of other inmates who subsequently assaulted Plaintiff, causing him to suffer severe injuries to his back and right knee, as well as bruises and contusions, and blood in his urine.

2. Plaintiff's claims against the remaining Defendants for cruel and unusual punishment in the form of deliberate indifference to serious medical needs, deliberate indifference to health and safety/failure to protect, deprivation of due process of law, unconstitutional conditions of confinement, and retaliation, as asserted against them in their individual and official capacities, should be dismissed with prejudice as frivolous.

This Court has made an independent examination of the pleadings, and the record in this case and the Magistrate Judge's findings and conclusions, and finds as follows:

1. The Court ADOPTS the Magistrate Judge's findings and conclusions that Defendant R. Rios should be required to file an answer or otherwise plead pertaining to Plaintiff's claims that Defendant R. Rios was deliberately indifferent to his health and safety and failed to protect him from assault by his fellow inmates.

---

and adopts by reference the earlier pleadings. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994). Although Plaintiff was not specifically granted leave to file his amended complaint, and it did not specifically refer to and adopt by reference the earlier pleadings, the Magistrate Judge based his findings on the information contained in the Amended Complaint, and this Court does the same.

2. The Court DECLINES TO ADOPT the Magistrate Judge's findings and conclusions pertaining to Plaintiff's complaints concerning the denial and delay of medical care following the assault, and Defendant Partiada should be required to file an answer or otherwise plead to those claims.

3. The Court ADOPTS the Magistrate Judge's findings and conclusions pertaining to Plaintiff's claims of retaliation against Defendants Moore, Roman, and Vialponda, and such claims should be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

4. The Court ADOPTS the Magistrate Judge's findings and conclusions pertaining to Plaintiff's claims that he was deprived of due process against all Defendants with regard to false disciplinary cases and denial of his requests and grievances, and such claims should be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

5. The Court DECLINES TO ADOPT the Magistrate Judge's findings and conclusions pertaining to Plaintiff's claim that Defendant Roman used excessive force, and Defendant Roman should be required to file an answer or otherwise plead to that claim.

6. The Court DECLINES TO ADOPT the Magistrate Judge's findings and conclusions pertaining to Plaintiff's claim that Defendant Edenfield was deliberately indifferent to his health and safety when she failed to address his complaints about the unconstitutional conditions of his confinement; namely contaminated drinking water, polluted and poorly ventilated air, and extreme temperatures while he was housed in the SHU, which resulted in abdominal pains, rash and skin irritation. Defendant Edenfield should be required to answer or otherwise plead to those claims.

7. The Court DECLINES TO ADOPT the Magistrate Judge's findings and conclusions pertaining to Plaintiff's claim that his First Amendment rights were violated when his newspapers

and magazines were withheld while he was confined in the SHU, and Defendant Edenfield should be required to file an answer or otherwise plead to that claim.

8. The Court ADOPTS the Magistrate Judge's findings and conclusions pertaining to Plaintiff's claims against the Defendants in their official capacities, and such claims should be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

It is, therefore, **ORDERED**:

(1) The following claims are DISMISSED WITH PREJUDICE AS FRIVOLOUS:

    (a) Plaintiff's claims of retaliation against Defendants Moore, Vialponda, and Roman;

    (b) Plaintiff's claims of deprivation of due process against all Defendants with regard to false disciplinary cases and denial of his requests and grievances; and

    (c) Plaintiff's claims for monetary damages against all Defendants in their official capacities.

Judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, shall be entered accordingly.

(2) The following claims remain in this case:

    (a) Plaintiff's claims for monetary damages against Defendant R. Rios, in his individual capacity, for deliberate indifference to his health and safety and failure to protect;

(b) Plaintiff's claims for monetary damages against Defendant Partiada, in his individual capacity, for deliberate indifference to Plaintiff's serious medical needs;

(c) Plaintiff's claims for monetary damages against Defendant Roman, in his individual capacity, for excessive use of force; and

(d) Plaintiff's claims for monetary damages against Defendant K. Edenfield, in her individual capacity, for deliberate indifference to his health and safety, and deprivation of his First Amendment rights.

(3) Pursuant to Fed. R. Civ. P. 4(c)(2) and 28 U.S.C. § 1915, the United States Marshal should effectuate service upon the remaining Defendants as follows:

(a) The Clerk of the Court is directed to complete a form USM-285 and summons for each of the Defendants R Rios, Dr. Partiada, NFN Roman, and K. Edenfield, all of whom are to be served at the last known address of FCI BIG SPRING, 1701 APRON DRIVE, BIG SPRING, TX 79720.

(b) The Clerk shall provide copies of the following documents to the United States Marshal, along with the form USM-285 and completed summons for each Defendant:

(i) this Order;

(ii) Plaintiff's Complaint (and any amended complaint);

(iii) a copy of the United States Magistrate Judge's Order entered April 5, 2012;

(iv) Plaintiff's Traverse Brief filed May 11, 2012.

(4) The United States Marshal shall personally serve process, the above-described documents, and a copy of this Order upon Defendants R Rios, Dr. Partiada, NFN Roman, and K. Edenfield **within thirty (30) days of the date of this Order**. In the event that any of the said individual Defendants is no longer associated with the FCI Big Spring, the United States Marshal **shall command all necessary assistance** from the Bureau of Prisons to execute this order.

(5) Within ten (10) days after personal service is effected, the United States Marshal shall file the return of service for each individual Defendant and the costs incurred in effecting service on said individual Defendants. **In the event the United States Marshal is unable to effectuate service on any of the individual Defendants, the United States Marshal shall file the completed USM-285, including a detailed description of the efforts made to serve said Defendant.**

(6) Defendants R Rios, Dr. Partiada, NFN Roman, and K. Edenfield shall file an answer(s) or other responsive pleadings to Plaintiff's complaint within thirty (30) days after service.

DATED September 24, 2013.

SAM R. CUMMINGS
United States District Judge